IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DONALD WAYNE HULL § | |
|     TDCJ-CID #673637 § | |
| § | |
| V. § | C.A. NO. C-05-043 |
| § | |
| R. FORD, ET AL. § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's motion for reconsideration is pending. (D.E. 46).

On May 31, 2005, plaintiff filed a motion for appointment of counsel. (D.E. 36). That motion was deemed as premature and denied without prejudice. (D.E. 40).

Plaintiff relies on Argersinger v. Hamlin, 407 U.S. 25 (1972) and Gideon v. Wainwright, 372 U.S. 335 (1963) to support his argument that he be appointed counsel. Both of these cases are criminal cases and inapplicable here. No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam).

Plaintiff also relies on Hendricks v. Coughlin, 114 F.3d 390 (2d Cir. 1997) and Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997) as cases establishing an abuse of discretion for refusing to appoint inmates counsel in civil rights cases. Neither of these cases, however, is binding precedent on the Court. Moreover, in Hendricks, the Second Circuit found that the district court abused its discretion because it issued an automatic denial of the inmate's request for appointment of counsel. 114 F.3d at 392. In Parham, a magistrate judge initially appointed counsel, but nothing happened for two years. When the plaintiff again petitioned district court, the request was denied. The Third

Circuit found this denial to be an abuse of discretion. 126 F.3d at 458. Here, plaintiff has simply been denied counsel without prejudice as appointment is not warranted at this stage. He is free to refile a motion for appointment of counsel if the situation changes so as to warrant such appointment. Neither Parham nor Hendricks apply.

Next, plaintiff appears to argue that appointed counsel is necessary so that a settlement in this case can be reached. The parties are always encouraged to work toward a settlement of their dispute. Plaintiff, however, does not need an attorney to engage in settlement discussions. Indeed, he appears to be more than capable of presenting his views to defendant.

Accordingly, plaintiff's motion for reconsideration, (D.E. 46), is DENIED.

ORDERED this 21st day of June 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE