IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HULL | § | |
|    TDCJ-CID #673637 | § | |
| V. | § | C.A. NO. C-05-043 |
| | § | |
| R. FORD, ET AL. | § | |

## ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS

Plaintiff, a Texas state prisoner currently incarcerated at the Stiles Unit in Beaumont, Texas, filed his original complaint on January 25, 2005, alleging deliberate indifference claims against various officials and employees of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"). (D.E. 1). In total, plaintiff named as defendants nineteen (19) prison officials and officers: eleven employed at the Garza West Unit in Beeville, Texas, and eight employed at the Goree Unit in Huntsville, Texas.

On March 16, 2005, plaintiff filed his first amended complaint against the Garza West defendants. (D.E. 12). Plaintiff's claims concern his classification, an assault that occurred on April 29, 2004, and the medical attention he received after the assault.

On March 18, 2005, plaintiff filed a second "first amended" petition in which he raised new claims against thirteen new defendants: eleven employed at the

Coffield Unit in Anderson County, Texas, and two officials employed at the Boyd Unit in Freestone County, Texas. (D.E. 13).

On April 29, 2005, the Court severed and transferred plaintiff's claims against the Goree Unit defendants. (D.E. 18).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. Pursuant to the last sentence in Rule 21, the Court may order the severance of a claim where it will serve the ends of justice and further the prompt and efficient disposition of the litigation. Wyndham Assoc. v. Bintliff, 398 F.2d 614 (2d Cir. 1968); see also Value Line Fund, Inc. v. Marcus, 161 F. Supp. 533 (S.D.N.Y. 1958); Michigan Tool Co. v. Drummond, 33 F. Supp. 540 (D.D.C. 1938); 7 Wright, Miller, & Kane, Federal Practice & Procedure § 1689 (2d ed. 1986).

In this case, the adjudication of plaintiff's claims against the Coffield Unit defendants and Boyd Unit defendants with the Garza West Unit defendants would be inefficient. There is no common issue of fact. Moreover, the Coffield Unit and Boyd Unit defendants would likely raise meritorious personal jurisdiction and venue defenses; at the very least they would be entitled to transfer under 28 U.S.C.

§ 1404(a) (convenience of parties and witnesses). Severance would serve the ends of justice by promoting the prompt and efficient disposition of the litigation.

Accordingly, plaintiff's claims against the eleven Coffield Unit defendants, with the exception of the claim against S.O. Woods, are severed and transferred to the United States District Court for the Eastern District of Texas, Tyler Division, for initial § 1915A screening and all further proceedings. Plaintiff's claims against the Boyd Unit defendants, B. Brown and R. Gebert, are transferred to the United States District Court for the Western District of Texas, Waco Division, for initial § 1915A screening and all further proceedings.

ORDERED this 9th day of August 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE