IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DONALD WAYNE HULL § | |
|     TDCJ-CID #673637 § | |
| § | |
| V. § | C.A. NO. C-05-043 |
| § | |
| R. FORD, ET AL. § | |

## ORDER

    This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Defendant's motion for a protective order is pending. (D.E. 54). Plaintiff filed objections to the motion for a protective order as well as his own motion for a protective order. (D.E. 63, 64).

    A Spears hearing was conducted on August 12, 2005 in this case.[1] During the course of this hearing, the Court addressed the question of discovery and the motion for a protective order. Counsel for defendants indicated that most of the documents that plaintiff sought had already been provided to him. Moreover, counsel for defendants indicated that he would provide plaintiff with the remaining documents that he thought had already been provided to him, but inadvertently were not.

    Defendants have preserved their plea of qualified immunity. (D.E. 54, at 2). Given that these immunity issues are still pending before the Court, any additional discovery requests by plaintiff are premature. See, e.g., Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994-995 (5th Cir. 1995).

    With the exception of these documents that defense counsel has committed to provide to plaintiff, defendants' motion for a protective order, (D.E. 54), is GRANTED. It is further order that

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

all other pending and future discovery is stayed except as ordered by the Court.  Plaintiff's motion for a protective order, (D.E. 64), is DENIED.

ORDERED this 29th day of August 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE