IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DONALD WAYNE HULL                        §
      TDCJ-CID #673637                  §
                                        §
V.                                       §   C.A. NO. C-05-043
                                        §
R. FORD, ET AL.                          §

**<u>ORDER DENYING PETITION TO RECUSE</u>**

    This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Plaintiff's

motion for discontinuance of the United States Magistrate Judge is pending.  (D.E. 112).  This motion

is construed as a petition to recuse the undersigned magistrate judge.

    To the extent that plaintiff is seeking the undersigned magistrate judge recuse himself from this

action, such a request is without a basis.  As the Supreme Court has explained, "[j]udicial rulings

alone almost never constitute valid basis for a bias or partiality motion."  <u>Liteky v. United States</u>, 510

U.S. 540, 555 (1994); <u>accord</u> <u>United States v. Landerman</u>, 109 F.3d 1053, 1066 (5th Cir. 1997)

(quoting <u>Liteky</u>); <u>United States v. MMR Corp.</u>, 954 F.2d 1040, 1045 (5th Cir. 1992) ("adverse rulings

in a case are not an adequate basis for demanding recusal").  Instead, as the Fifth Circuit has

indicated, "the judge's rulings should constitute grounds for appeal, not for recusal."  <u>Landerman</u>, 109

F.3d at 1066 (citing <u>Liteky</u>, 510 U.S. at 555).

    This action concerns an alleged April 2004 assault by Officer Bolech, a prison guard, on

plaintiff.  Moreover, he has asserted a failure to protect claim against Officer Loehr for allegedly

watching the assault by Officer Bolech and doing nothing.  Finally, plaintiff has alleged deliberate

indifference to medical needs by two medical staff personnel and a prison guard.

    Plaintiff's current assertions that he is in danger from assault because of sexual orientation and

gender identity are serious concerns.  Nonetheless, such assertions are not part of the claims before the Court in this action.  If plaintiff believes that prison officials are failing to protect him in violation of the Eighth Amendment, then the appropriate course of action is to file a lawsuit regarding those allegations.

Accordingly, plaintiff's motion for discontinuance of the United States Magistrate Judge, (D.E. 112), is hereby DENIED.

ORDERED this 24th day of January 2006.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE