IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HULL | § | |
|     TDCJ-CID #673637 | § | |
| | § | |
| V. | § | C.A. NO. C-05-043 |
| | § | |
| R. FORD, ET AL. | § | |

**ORDER**

    This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for discontinuance of the United States Magistrate Judge, which was construed as a petition to recuse the magistrate judge. (D.E. 112). Plaintiff's motion was denied. (D.E. 114). Pending is plaintiff's motion for relief from the order denying his petition for recusal. (D.E. 124).

    While plaintiff acknowledges the legal reasoning supporting the denial of his motion to recuse, (D.E. 124, at 2), he cites Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), to support his argument. Plaintiff's reliance on Liljeberg is misplaced as that case involved a judge who was found to have violated the statute requiring that he recuse himself in a case where he was an active university board trustee and presiding in a case in which the university's interests were involved. Id. at 855-57. Consequently, there was ample evidence that an objective observer would question the judge's impartiality. Id. at 861. In this case, the judge has no connection to any of the parties in this case. Thus, there is no appearance of impropriety as in Liljeberg.

    As has been previously addressed, this action concerns an alleged April 2004 assault by Officer Bolech, a prison guard, on plaintiff. Moreover, he has asserted a failure to protect claim against Officer Loehr for allegedly watching the assault by Officer Bolech and doing nothing. Finally, plaintiff has alleged deliberate indifference to medical needs by two medical staff personnel

and a prison guard. These events all allegedly occurred at the Garza West Unit.

Plaintiff's new assertions that he is in danger from assault because of sexual orientation and gender identity are serious concerns. Nonetheless, such assertions are not part of the claims before the Court in this action. If plaintiff believes that prison officials are failing to protect him in violation of the Eighth Amendment, then the appropriate course of action is to file a lawsuit regarding those allegations. Indeed, these claims concerns actions that allegedly occurred at the Stiles Unit. Jurisdiction for such actions is properly in the United States District Court for the Eastern District of Texas.

Accordingly, plaintiff's motion for relief from the order denying his petition for recusal, (D.E. 124), is hereby DENIED.

ORDERED this 9th day of February 2006.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE