IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HULL | § | |
| | § | |
| v. | § | C.A. NO. C-05-043 |
| | § | |
| WARDEN R. FORD, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C.

§ 1983.  Pending is plaintiff's motion for a preliminary injunction.  (D.E. 147).  It

is respectfully recommended that the Court deny plaintiff's motion for injunctive

relief.

**I.  JURISDICTION**

Jurisdiction in this action is based on federal question pursuant to 28 U.S.C.

§ 1331.

**II.  PROCEDURAL HISTORY**

Plaintiff is a homosexual and is currently incarcerated at the Stiles Unit in

Beaumont, Texas.  In his original complaint, he alleged that certain prison officials

and employees at both the Garza West Unit and the Goree Unit had failed to

protect him from inmate assaults because they failed to classify him properly, or

remove him from the general population.  He also complained of inadequate

medical care.  By order entered April 29, 2005, plaintiff's claims against the Goree

Unit defendants were severed and transferred to the Houston Division.  See (D.E.

18).

On March 18, 2005, plaintiff filed a second "first amended" petition in

which he raised new claims against thirteen new defendants: eleven employed at

the Coffield Unit in Anderson County, Texas, and two officials employed at the

Boyd Unit in Freestone County, Texas.  (D.E. 13).  By order entered August 9,

2005, plaintiff's claims against the Coffield Unit defendants were severed and

transferred to the United States District Court for the Eastern District of Texas,

Tyler Division, and the claims against the Boyd Unit defendants were transferred

to the United States District Court for the Western District of Texas, Waco

Division.  See (D.E. 60).

On August 29, 2005, a memorandum and recommendation was entered

recommending that all of plaintiff's claims be dismissed except for the following

claims: (1) his excessive force claim against Officer Bolech; (2) his failure to

protect claim against Officer Loehr; and (3) his deliberate indifference claims

against Officer Jane Doe I, Dr. Coronado, and Nurse Gutierrez.  (D.E. 71).  On

November 4, 2005, the Court adopted the memorandum's recommendations,

entered final judgment, and retained only these claims.  (D.E. 88, 89).

On February 27, 2006, based on the defendants' motion for summary judgment a memorandum and recommendation was entered recommending that (1) plaintiff's claims against defendants in their official capacities be dismissed as barred by the Eleventh Amendment; (2) plaintiff's claims against Officer Loehr and Dr. Coronada be dismissed with prejudice; and (3) that only plaintiff's claim against Officer Bolech proceed to trial.  By final judgment entered April 5, 2006, the Court dismissed all of plaintiff's remaining claims except for his excessive force claim against Officer Bolech.  (D.E. 152).

In his third motion for preliminary injunction, plaintiff alleges that defendants denied plaintiffs in general population at Garza West Unit any opportunity to be free from harsh living conditions.  (D.E. 147, at 1).  He claims to suffer from continuing physical and mental injuries for which there is no adequate remedy at law.  Id. at 2.  He seeks an injunction ordering defendants and their attorneys to perform their duties pursuant to the United States Constitution to provide humane conditions of confinement.  Id.

Plaintiff further requests that defendants be ordered to discontinue the use of erroneous information that is contained in his travel card record.  Id. at 3-4.  The allegedly erroneous information includes details concerning his disciplinary record, mental health history, and information about which Texas Department of Criminal

Justice, Criminal Institutions Division Units he had been housed in during his

confinement.  Id.  He claims that defendants have fabricated this information.  Id.

### III.  DISCUSSION

To obtain a preliminary injunction pursuant to Rule 65(a) of the Federal

Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial

likelihood of success on the merits; (2) a substantial threat that the movant will

suffer irreparable injury if the injunction is denied; (3) that the threatened injury

outweighs any damage that the injunction might case the defendant; and (4) that

the injunction will not disserve the public interest."  Affiliated Prof'l Home Health

Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation

omitted).  Injunctive relief is an extraordinary remedy that requires the applicant to

unequivocally show the need for its issuance.  See Valley v. Rapides Parish Sch.

Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

It is respectfully recommended that plaintiff's motion fails to warrant such

an extraordinary remedy.  First, the requested injunction is directed in part at

persons who are not parties to this action, and over whom the Court has no

jurisdiction in this action.  Plaintiff claims that he continues to suffer physical and

mental injury.  If plaintiff believes that prison officials are currently failing to

protect him in violation of his constitutional rights, then the appropriate course of

action is to file a lawsuit against those individuals at the Stiles Unit regarding those

allegations.

Second, plaintiff claims that defendants in this case intentionally fabricated

information on his travel card.  However, he does not specify or identify with

particularity the alleged wrongdoers.  Moreover, he fails to indicate the harm that

he has suffered due to these alleged errors contained in his travel card.  He merely

asserts, without any support, that the information is false and irrelevant.  (D.E. 147,

at 3).

Plaintiff's allegations do not give any indication of "actual injury."  See

Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis v. Casey, 518

U.S. 343, 351-54 (1996)).  Plaintiff has not established any injury.  It is

respectfully recommended that because plaintiff has alleged no injury from any

purported errors, he has no standing to raise the claim.  See Rivera v. Wyeth-

Ayerst Labs., 283 F.3d 315, 318 (5th Cir. 2002) (standing requires a plaintiff to

prove that (1) he suffered an injury in fact, (2) a causal connection between the

injury and the conduct complained of, and (3) the injury will be redressed by a

favorable decision in the action).

Finally, plaintiff alleges that defendants have fabricated information on his

travel card.  However, he does not provide any evidence to support his allegations.

5

Even assuming there are errors in his travel card, he has not established any deliberate attempt to alter or distort his record.  Instead, any errors may simply be careless mistakes.  He must make a showing of more than mere negligence to support a section 1983 claim.  Simmons v. McElveen, 846 F.2d 337, 339 (5th Cir. 1998).  It is respectfully recommended that his conclusory allegations do not give rise to a constitutional violation.  See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam) (conclusory allegations are not sufficient within the context of a section 1983 case).

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that plaintiff's motion for preliminary injunction, (D.E. 147), be denied.

Respectfully submitted this 12th day of April 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (1996) (en banc).