IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HULL | § | |
| | § | |
| v. | § | C.A. NO. C-05-43 |
| | § | |
| R. FORD, ET AL. | § | |

## ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending are defendant's motions in limine. (D.E. 214). Defendant seeks a ruling on seven different matters in advance of trial. Plaintiff has not responded to this motion.[1] For the reasons given below, the motion is GRANTED in part and DENIED in part.

## I.  LEGAL STANDARDS FOR MOTIONS IN LIMINE.

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). The Collins court further explained that

> When a party files numerous motions in limine, the trial court may not pay close attention to each one, believing that many of them are purely hypothetical. Thus, a party whose motion in limine has been overruled must object when the error he sought to prevent with his motion in limine is about to occur at trial. This will give the trial court an opportunity to reconsider the grounds of the motion in light of the actual instead of hypothetical circumstances at trial.

Id.; accord C.P. Interests, Inc. v. Cal. Pools, Inc., 238 F.3d 690, 697 n.5 (5th Cir. 2001).

Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

Luce v. United States, 469 U.S. 38, 41 n.4 (1984)).  Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.  Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there").  "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON DEFENDANT'S MOTIONS IN LIMINE.

Plaintiff has requested the Court exclude the following evidence:

**1.   Any statement that mentions or divulges, directly or indirectly, the fact that the Defendant may be covered by some type of indemnification with respect to the occurrence in question.  FED. R. EVID. 411.**

Rule 411 makes evidence of liability insurance inadmissible to prove "the person acted negligently or otherwise wrongfully."  Fed. R. Evid. 411; accord Reed v. Gen'l Motors Corp., 773 F.2d 660, 663 (5th Cir. 1985).  However, evidence of insurance is admissible when offered for other purposes, such as to prove control or bias.  The admissibility of such statements will depend on the context and purpose of their introduction.  Furthermore, Rule 411 applies only to liability insurance, not all types of indemnification.  See DSC Commc'ns Corp. v. Next Level Commc'ns, 929 F. Supp. 239, 242-43 (E.D. Tex. 1996).

Defendant's request is overly broad and void of any specific context.  Accordingly,

defendant's motion in limine is DENIED without prejudice to his raising objections at trial.

**2.      Any comment on the failure of the Defendant to call witnesses who are subject to subpoena and available to any party in this case. FED. R. EVID. 402-403.**

In federal courts, the uncalled witness rule allows a factfinder to draw a negative inference from a party's failure to call a witness only when that witness is "peculiarly within his power." Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046 (5th Cir. 1990) (per curiam) (citing Graves v. United States, 150 U.S. 118, 121 (1893)); Streber v. Comm'r of Internal Revenue, 138 F.3d 216, 221-22 (5th Cir. 1998). In Herbert, the court further explained that "[a]fter giving the issue due consideration, we conclude that the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." 911 F.2d at 1047. The Fifth Circuit continued by noting that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit." Id. at 1048-49. The usefulness of the rule has been called into question by the Fifth Circuit. More important, defendant's request lacks any context, including the control of the specific witness. Accordingly, defendant's motion in limine is DENIED without prejudice.

**3.      Any comment regarding the amount of resources, money, investigators, experts, etc., that were used by the Defendant in the defense of this case. FED. R. EVID. 402-403.**

Statements regarding defendant's expenditure of resources in this case cannot be relevant because they do not tend to make any material fact more or less probable. See Fed. R. Evid. 401. Accordingly, defendant's motion in limine is GRANTED.

4. **Any comment on, reference to, or suggestion that a judgment has been entered against, settlement made, or lawsuits exist against the Defendant or other correctional officers for other use of force incidents. FED. R. EVID. 402-404.**

Rule 404(b) prohibits admitting evidence of prior acts to prove defendant's character, "in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, evidence of prior acts may be used for other purposes, e.g., proving intent, motive, plan, or lack of mistake. See id.; see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983). The admissibility of evidence of such prior acts will therefore depend on the context and purpose of its introduction.

Defendant's request is overly broad and void of any context. Accordingly, defendant's motion in limine is DENIED without prejudice.

5. **Any comment on, reference to, or comparison of this case to the Rodney King case, Abu Grahib, the Ruiz class action lawsuit, or any other incident involving use of force by a law enforcement officer or alleged violation of prisoners' rights, other than the incident involved in this lawsuit. Such evidence has no probative value and serves only to inflame the jury. Thus, any benefit from such evidence is outweighed by the danger of unfair prejudice. FED. R. EVID. 402-403.**

Rule 404(b) prohibits admitting evidence of prior acts to prove defendant's character, "in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, evidence of prior acts may be used for other purposes, e.g., proving intent, motive, plan, or lack of mistake. See id.; see also Lamar, 693 F.2d at 561. The admissibility of such evidence will therefore depend on the context and purpose of its introduction.

Defendant's request is overly broad and void of any specific context. Accordingly, defendant's motion in limine is DENIED without prejudice.

**6.     Any reference to actions of the Defendant, other than those relating to the incident forming the basis of Plaintiff's claim in the instant lawsuit.  FED. R. EVID. 402-404. Specifically, the Defendant objects to any reference to allegations by Plaintiff or his witnesses that the Defendant has been sued, investigated, or disciplined for any reason on some other occasion.  Such evidence is of no probative value and is improper character evidence under FED. R. EVID. 404(b).  Further, the probative value, if any, of such evidence is outweighed by the danger of unfair prejudice.  FED. R. EVID. 403.**

Rule 404(b) prohibits admitting evidence of prior acts to prove defendant's character, "in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  However, evidence of prior acts may be used for other purposes, e.g., proving intent, motive, plan, or lack of mistake.  See id.; see also Lamar, 693 F.2d at 561.  The admissibility of such evidence will therefore depend on the context and purpose of its introduction.

Defendant's request is overly broad and void of any specific context.  Accordingly, defendant's motion in limine is DENIED without prejudice.

**7.     Any statement either (a) referring to the filing of this motion, its contents, or the ruling of the Court on any item contained within it or (b) suggesting or implying that the Defendant has moved to exclude proof on particular matters, or that this Court has excluded proof on particular matters.**

The fact that evidence has been excluded, or been the subject of a motion in limine, cannot be relevant because it does not tend to make any material fact more or less probable.  Fed. R. Evid. 401.  Accordingly, defendant's motion in limine is GRANTED.  See Niver v. Travelers Indem. Co., 433 F. Supp.2d 968, 998-99 (N.D. Iowa 2006).

ORDERED this 17th day of January 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE