IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HULL | § | |
| | § | |
| v. | § | C.A. NO. C-05-043 |
| | § | |
| R. FORD, ET AL. | § | |

## ORDER DENYING MOTION FOR A CONTINUANCE OF THE TRIAL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. A jury trial is set for January 29, 2008 to address plaintiff's claim against defendant Ben Bolech. (D.E. 211). Pending is plaintiff's motion for a continuance of the trial. (D.E. 227). Argument was heard on plaintiff's motion on January 28, 2008.

### BACKGROUND

On September 25, 2007, a scheduling order was issued setting a jury trial date for Tuesday, January 29, 2008 with the final pretrial conference set for Monday, January 28, 2008. (D.E. 211). Any motions in limine were due on Monday, December 10, 2007 with responses due no later than Friday, December 21, 2007. Id. The scheduling order indicated that discovery had concluded in this action and neither party filed a motion seeking the reopening of discovery. Id.

At the time of the filing of this action, plaintiff was an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). On June 21, 2006, he notified the Court that he was in custody at the Federal Detention Center in Houston, Texas. (D.E. 166). On June 29, 2006, he moved to a federal half-way house. (D.E. 169). On August 31, 2006, he was released from that half-way house. On September 20, 2006, he notified the Court of his new address at an apartment in Houston. (D.E. 181). On April 4, 2007, he notified the Court of a change of address to a different

apartment in Houston. (D.E. 198). On June 18, 2007, he filed another change of address notice, but the address was the same as the previous notice, but contained a telephone number. (D.E. 206). On November 30, 2007, defendant filed an advisory indicating that the telephone number for plaintiff was no longer valid and that defendant had been unable to consult with plaintiff regarding the joint pretrial order. (D.E. 213). On January 8, 2008, plaintiff filed a notice of change of address listing a new apartment address in Houston, as well as new telephone numbers. (D.E. 223). During the January 28, 2008 hearing, plaintiff indicated that he moved either January 4, 2008, or January 5, 2008.

On November 30, 2007, defendant filed motions in limine. (D.E. 214). The certificate of service indicates that the document was mailed to plaintiff's address listed in his April 4, 2007 and June 18, 2007 notices of a change of address. Id. at 4.

On December 21, 2007, plaintiff filed his pretrial order. (D.E. 219). On January 4, 2008, a telephonic hearing was held to discuss various witnesses on plaintiff's witness list. After that hearing counsel for defendant filed an advisory regarding the witnesses discussed. (D.E. 221). On January 9, 2008, an order was issued reiterating that plaintiff had the duty to ensure that any witnesses he needed for trial were served with subpoenas consistent with the Federal Rules of Civil Procedure. (D.E. 224).

## DISCUSSION

Plaintiff seeks a continuance of his trial arguing that defendant did not serve him with his motions in limine. (D.E. 227, at 2). He appears to argue that he was prejudiced by not being able to timely respond to these motions. Id. In his declaration, he argues that "Defendant[] did not send to Plaintiff his Motion in Limine by certified mail, fax, nor in any other form for ensured receipt." Id.

at 3.  The scheduling order clearly outlined when any response to the motions in limine were due.  Defendant's motions in limine have been generally denied.  (D.E. 225).  Local Civil Rule 83.4 requires that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address."  To the extent he asserts that he did not receive them, the fault lies with plaintiff's failure to update his current address and contact information.  Furthermore, plaintiff has not established any prejudice concerning the motions in limine.

Next, plaintiff argues that trial should be continued because he has not been able to issue subpoenas to his witnesses.  (D.E. 227, at 2).  Plaintiff declares that he did not request the issuance of subpoenas until January 24, 2008.  Id. at 6.  He further declares that his witnesses have not been notified of their need for testimony at trial.  Id.

At the January 4, 2008 telephonic hearing, it was explained to plaintiff that he had the duty to issue subpoenas for any witnesses he sought to call consistent with the Federal Rules of Civil Procedure.  In filing his witness list, plaintiff indicated that he intended to call Sergeant Cirone, Officer Jesse John Armstrong, inmate Christopher Smith, and inmate Volly Jackson, Jr.  (D.E. 219, at 1-2).  After the hearing, defendant advised the Court that Volley Jackson was still in the TDCJ's custody.  (D.E. 221, at 1).  On January 9, 2008, a writ of habeas corpus ad testificandum was issued to secure inmate Jackson's appearance at trial.  (D.E. 222).  Defendant further advised that Sergeant John Cirone was still employed by the TDCJ at the Glossbrenner Unit in San Diego, Texas.  (D.E. 221, at 1).  Moreover, Officer John Armstrong is still employed by the TDCJ at the Garza East Unit in Beeville, Texas.  Id.  It was unclear where inmate Christopher Smith is, but it appears he is no longer in TDCJ custody.  Id.  In a January 9, 2008 order, plaintiff was again informed that he had the duty to serve subpoenas on Sergeant Cirone, Officer Armstrong, and Mr. Smith consistent with the

3

Federal Rules of Civil Procedure. (D.E. 224).

Plaintiff's joint pretrial order was due on November 12, 2007, (D.E. 211), but he did not file it until December 21, 2007. (D.E. 219). The time for requesting the issuance of subpoenas and writs had passed. (D.E. 211). Nonetheless, a writ was issued to secure the presence of a witness for plaintiff who is in TDCJ custody. (D.E. 222). Moreover, plaintiff was informed during a hearing and by order that he needed to issue subpoenas for any witnesses he intended to call for trial. It was explained that any subpoenas must comply with the Federal Rules of Civil Procedure. (D.E. 224).

At the January 28, 2008 hearing, plaintiff indicated that he had not attempted to locate Christopher Smith based on the information that he was provided by defense counsel. Moreover, he admitted that he did not even contact Mr. Smith at the last known address he had. It is unlikely, Mr. Smith would appear as there is apparently an outstanding warrant for his arrest.

Defense counsel indicated that he had spoken with Sergeant Cirone and Officer Armstrong to make certain they were available for testimony at plaintiff's trial. Although it does not appear that plaintiff properly served the subpoenas on either of these witnesses, defense counsel indicated that he would accept the subpoenas on behalf of Sergeant Cirone and Officer Armstrong.

The record is clear that plaintiff was aware of his obligations, including the procedure for issuing subpoenas, and his failure to timely seek the issuance of subpoenas is not a sufficient basis for continuing trial. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988) (per curiam); see also Peckham v. Family Loan Co., 262 F.2d 422, 424 (5th Cir. 1959) (denial of continuance was not an abuse of discretion where witnesses had not been subpoenaed). Where an inmate was given only three weeks to prepare for trial in a case that had been pending for three years, the Third Circuit determined that the trial court had not abused its discretion. See Fulton v. United States, 198 Fed.

Appx. 210, 214 (3d Cir. 2006) (per curiam) (unpublished).

      Finally, plaintiff argues that he needs a continuance in order to engage in discovery. (D.E. 227, at 2). This action has been pending for over three years; the time for discovery has passed. Indeed, the scheduling order setting the trial date did not even make an allowance for discovery. (D.E. 211). Since that scheduling order, plaintiff has not requested any discovery until this pending motion. See Pfeil v. Rogers, 757 F.2d 850, 857 (7th Cir. 1985) ("When a party fails to secure discoverable evidence due to his own lack of diligence, it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information."); see also Cook v. City of Ponoma, 884 F. Supp. 1457, 1460 (C.D. Cal. 1995) (when parties "have been dilatory in conducting discovery, in filing pertinent pre-trial motions and applications, in notifying the Court of potential problems that could delay the start of trial, and in complying with the Federal Rules of Civil Procedure" then no good cause exists to delay trial).

      Moreover, plaintiff's motion does not address the nature of the discovery he seeks. At the January 28, 2008 hearing, he indicated that he sought discovery concerning the motions in limine and the various witnesses. Discovery is not necessary for the motions in limine. Additionally, defense counsel has already provided all the information available about Christopher Smith. Thus, additional discovery would not be fruitful. The other three witnesses will be available at trial.

      This action has been pending for three years. Both parties are entitled to a resolution. It is not fair to defendant to delay a resolution because plaintiff has decided on the eve of trial that he does not feel ready to proceed. Accordingly, plaintiff's motion for a continuance of the trial, (D.E. 227), is hereby DENIED.

The Clerk of the Court is ORDERED to send a copy of this order to plaintiff by facsimile at (281-915-0062) and by first class mail.

ORDERED this 28th day of January 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE